UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANTORO HILL,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>GEICO CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No. 2:18-cv-01328-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot Dismiss – ECF No. 10) |

　　　　This matter is before the court on plaintiff Santoro Hill's failure to comply with this court's Order (ECF No. 8) and Order to Show Cause (ECF No. 9).

　　　　On August 23, 2018 the court entered an Order (ECF No. 8) granting counsel's motion to withdraw and required Mr. Hill to either:

　　　　1) obtain substitute counsel to make an appearance in compliance with the Local Rules of Practice; or

　　　　2) file a notice with the court that he would be appearing in this matter pro se, that is, representing himself no later than **September 21, 2018**.

　　　　The order warned Mr. Hill that failure to obtain substitute counsel or file a notice that he would be appearing in this matter pro se may "result in the imposition of sanctions, which may include a recommendation to the District Judge that plaintiff's complaint be dismissed for failure to comply with this order and failure to prosecute." Order (ECF No. 8). Mr. Hill did not comply.

　　　　On November 14, 2018, the court entered an Order to Show Cause (ECF No. 9) why sanctions should not be imposed for Mr. Hill's failure to comply with this court's Order (ECF No. 8). The court gave Mr. Hill until **November 28, 2018** to either:

　　　　1) show cause in writing why sanctions should not be imposed for his failure to comply with this court's order; or

1  2) obtain substitute counsel or file a notice with the court that Mr. Hill would be proceeding
2  in this matter pro se.
3  The order to show cause provided that if Mr. Hill obtained substitute counsel or filed a
4  notice with the court stating that he would be appearing in this matter pro se, it would satisfy the
5  court that sanctions were not warranted and no further response to the order to show cause would
6  be necessary.  The order again warned Mr. Hill that his failure to comply with the order to show
7  cause may result in a recommendation to the district judge that Mr. Hill's complaint be dismissed
8  for his failure to comply with this court's orders and his failure to prosecute.  Mr. Hill has not
9  responded to the order to show cause and had not requested an extension of time to do so.
10  Defendant filed a Motion to Dismiss (ECF No. 10) on November 15, 2018 requesting that
11  plaintiff's complaint be dismissed for his failure to prosecute and failure to comply with this
12  court's order.  Mr. Hill was served with the court's standard order regarding the requirements of
13  *Klingele v Eikenberry* and *Rand v Rowland* (ECF No 11) on November 15, 2018 but has not filed
14  an opposition to the motion to dismiss or requested an extension of time in which to do so.
15  For these reasons,
16  **IT IS RECOMMENDED** that defendant's Motion to Dismiss (ECF No. 10) be
17  **GRANTED** and that plaintiff's complaint be dismissed for his failure to comply with this court's
18  orders.
19  DATED this 7th day of February 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

25  This Report of Findings and Recommendation is submitted to the assigned district judge
26  pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for
27  the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the
28  district court's judgment.  *See* Fed. R. App. P. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules

of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.