UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SANTORO HILL, | Case No. 2:18-CV-1328 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO CASUALTY INSURANCE CO., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Peggy A. Leen's report and recommendation. (ECF No. 12). Plaintiff Santoro Hill did not file an objection and the time to do so has passed.

Also before the court is defendant Geico Casualty Insurance Company's ("Geico") motion to dismiss. (ECF No. 10). Hill did not file a response and the time to do so has passed.

**I.  Facts**

This action arises from a motor vehicle collision. (ECF No. 1). On June 19, 2016, Hill and an unknown driver were turning their vehicles left onto Valley View Boulevard. *Id.* During the turn, the unknown driver hit the rear of Hill's pickup truck. *Id.* Hill's truck swung to the right, came in contact with a puddle of water, and then fishtailed down Valley View Boulevard until Hill crashed into a wall. *Id.*

At the time of the collision, Hill had an uninsured/underinsured motorist insurance policy with Geico. *Id.* Geico represents that the policy provided $50,000/$100,000 in uninsured motorist benefits. (ECF No. 10). Hill eventually demanded that Geico pay the full policy limit. (ECF No. 1). Geico allegedly refused to make adequate payment in accordance with the insurance policy. *Id.*

**James C. Mahan**
**U.S. District Judge**

On June 18, 2018, Hill initiated this action in state court, asserting two causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. *Id*. On July 20, 2018, Geico removed this action to federal court. *Id*.

On August 23, 2018, Hill's counsel withdrew and the court ordered plaintiff to retain substitute counsel or file a notice that he will proceed *pro se* on or before September 21, 2018. (ECF No. 8). On November 14, 2018, the court ordered Hill to show cause as to why the court should not sanction Hill for failing to comply with a court order. (ECF No. 9). The court warned Hill that if he did not show cause by November 27, 2018, the court may dismiss this action. *Id*. To date, Hill has not complied with the November 14, 2018, order.

Now, Geico moves to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 10). The magistrate judge has filed a report and recommendation in which she recommends granting Geico's motion. (ECF No. 12).

**II. Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

**III. Discussion**

Hill has not objected to the report and recommendation. Nevertheless, the court engages in a *de novo* review to determine whether to adopt the magistrate judge's findings.

James C. Mahan
U.S. District Judge

- 2 -

Federal Rule of Civil Procedure 41(b) allows courts to dismiss an action or claim if "the plaintiff fails to prosecute or comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Hill failed to comply with the court's orders when he did not retain substitute counsel or file a notice that he will proceed *pro se* and when he failed to show cause. Hill has also failed to prosecute this action because he has not participated in this litigation since August 22, 2018, which has prevented the court from adjudicating the merits of this case. Therefore, the court will grant Geico's motion and dismiss this action with prejudice. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (holding that dismissal with prejudice for failure to prosecute is an appropriate exercise of discretion).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Peggy A. Leen's report and recommendation (ECF No. 12) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that Geico's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED, consistent with the foregoing.

The clerk shall enter judgment accordingly and close the case.

DATED May 7, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**